UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-51-RJC-DCK

| | |
|---|---|
| MY'KA EL a/k/a MICHAEL EUGENE YOUNG, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | **ORDER** |
| CHARLOTTE MECKLENBURG POLICE DEPARTMENT, et al., ) ) ) | |
| Defendants. ) ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Third Amended Complaint. (Doc. No. 8); see also 28 U.S.C. §§ 1915(e)(2); 1915A.

## I. BACKGROUND

Pro se Plaintiff My'Ka El a/k/a Michael Eugene Young ("Plaintiff") filed this action on February 1, 2016. Plaintiff filed an Amended Complaint on February 10, 2016, (Doc. No. 3), and a Second Amended Complaint on February 17, 2016, (Doc. No. 4). After its initial review of the 98-page document, the Court found that Plaintiff's Second Amended Complaint suffered from numerous deficiencies. (Doc. No. 5). Therefore, the Court issued an Order directing Plaintiff to file an amended Complaint particularizing his claims and providing facts to support his claims. Plaintiff was warned, among other things, that failure to amend the Complaint would result in dismissal. Furthermore, Plaintiff was warned that the Court will not entertain any claims related to pending state criminal charges and that any claims asserted against defendants arising out of different transactions or occurrences would be dismissed. (Id.). Plaintiff filed his Third Amended Complaint on March 31, 2016. (Doc. No. 8). This 3-page Third Amended

Complaint sets out facts of an alleged encounter between Plaintiff and Charlotte Mecklenburg Police Department ("CMPD") "Officer R. Reese" on August 4, 2014. (Id.). Although no claim is clearly articulated in the Third Amended Complaint, Plaintiff appears to assert a claim against "Officer R. Reese" for violations of Plaintiff's rights under 42 U.S.C. § 1983. The Third Amended Complaint refers to "several officer[s] of CMPD" that were allegedly present at the scene, but Plaintiff fails to assert any claim against these unknown officers.

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

## III.   DISCUSSION

Although Plaintiff's Third Amended Complaint fails to particularize his specific claims against any defendant, the Court finds that the Complaint could be liberally interpreted to allege a claim against "Officer R. Reese." Therefore, the Third Amended Complaint will be allowed to proceed as to this defendant only. The Court previously granted Plaintiff's Motion to Proceed in Forma Pauperis; therefore, the Court will direct that the United States Marshal serve process upon "Officer R. Reese."

An amended complaint supersedes any previous complaint, rendering the original pleading of no effect. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). Thus, if an amended complaint omits claims raised or defendants included in the original complaint,

the plaintiff waives those omitted claims.  Id.  The Court finds that Plaintiff's Third Amended Complaint does not make any allegation against or specify any claim against any other defendant that was listed or named in Plaintiff's previous complaints.  (Doc. Nos. 1, 3, 4).  Accordingly, all other previously identified defendants must be dismissed from this action.

Finally, Plaintiff's Third Amended Complaint also seeks to renew his previous Motion to Appoint Counsel, (Doc. No. 6), which was denied by the Magistrate Judge on March 9, 2016, (Doc. No. 7).  The Court has considered Plaintiff's request and denies the request for appointed counsel for the reasons stated in the Magistrate Judge's March 9, 2016 Order.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Third Amended Complaint, (Doc. No. 8), survives initial review under 28 U.S.C. § 1915(e) as to Defendant "Officer R. Reese."

2. The Clerk of Court is directed to notify the United States Marshal who, pursuant to Fed. R. Civ. P. 4(c)(3), shall serve process upon Defendant "Officer R. Reese," in accordance with Fed. R. Civ. P. 4(i)(1) and (2), using the summons form filed by Plaintiff and attached to the original complaint in this action.  (Doc. No. 1-2 at 7–8).  All costs of service shall be advanced by the United States.  Any recovery in this action will be subject to payment of fees and costs, including service of process fees and the $400.00 filing fee.  All costs of service shall be advanced by the United States.  Any recovery in this action will be subject to payment of fees and costs, including service of process fees and the $400.00 filing fee.

3. All other defendants shall be **DISMISSED** from the case without prejudice.  Specifically, Charlotte Mecklenburg Police Department, M. Sullivan, S. Selogy, FNU Meyers, FNU

Agape, K.S. Kodad, FNU Issac, FNU Airtone, S. Mobley, T. Moore, T. Wilson, J. Fletcher, J. Parker, P. Moore, L.B. Diggs, B. Butler, Nurse FNU Green, M.W. Womble, M.T. Retort, B. Scarey, T. Castano, FNU Stouts, R. Monroe, J.H. Frison, R. Burnett, Bradon Jolly, W.L. Canter, Cooper Jerrell, FNU Eason, FNU Street, FNU Gant, FNU Hood, and R. Chapman are **DISMISSED** from this action.

4. Plaintiff's renewal of his previous Motion to Appoint Counsel is **DENIED**.

Signed: April 11, 2016

Robert J. Conrad, Jr.
United States District Judge