# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-051-RJC-DCK

| | |
|---|---|
| MY'KA EL, a/k/a MICHAEL EUGENE YOUNG, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER** |
| R. REESE, | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Reconsider Plaintiff Restraining Order Against All Named Defendants Filed On Feb[r]uary 1, 2016" (Document No. 20). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion.

## BACKGROUND

*Pro se* Plaintiff My'Ka El, a/k/a Michael Eugene Young ("Plaintiff") filed this action on February 1, 2016. (Document No. 1). Plaintiff filed an Amended Complaint (Document No. 3) on February 10, 2016, and a Second Amended Complaint (Document No. 4), on February 17, 2016. After its initial review, the Court found that Plaintiff's Second Amended Complaint suffered from numerous deficiencies. (Document No. 5). Therefore, the Court issued an Order directing Plaintiff to file an amended Complaint particularizing his claims and providing facts to support his claims. <u>Id.</u> Plaintiff was warned, among other things, that failure to amend the Complaint would result in dismissal. <u>Id.</u> Furthermore, **Plaintiff was warned that the Court will not entertain**

**any claims related to pending state criminal charges and that any claims asserted against Defendants arising out of different transactions or occurrences would be dismissed**.  Id. (emphasis added).

Plaintiff filed his Third Amended Complaint on March 31, 2016.  (Document No. 8).  This 3-page Third Amended Complaint sets out facts of an alleged encounter between Plaintiff and Charlotte Mecklenburg Police Department ("CMPD") "Officer R. Reese" on August 4, 2014.  Id.

After review of the Third Amended Complaint, the Court noted that although no claim is clearly articulated in the Third Amended Complaint, Plaintiff appears to assert a claim against "Officer R. Reese" for violations of Plaintiff's rights under 42 U.S.C. § 1983.  (Document No. 9). The Third Amended Complaint refers to "several officer[s] of CMPD" that were allegedly present at the scene, but Plaintiff fails to assert any claim against these unknown officers.  (Document No. 9).  The Court determined that Plaintiff's Third Amended Complaint survived initial review under 28 U.S.C. § 1915, as to Defendant R. Reese, but that all other Defendants were dismissed.  Id.

On June 6, 2016, "Defendant Reese's Answer To The Third Amended Complaint" (Document No. 14) was filed.  Then on June 20, 2016, Defendant Reese filed his "Motion For Judgment On The Pleadings" (Document No. 15) and a "Motion To Stay IAC, Initial Discovery, And Related Obligations" (Document No. 17).  Plaintiff's response to the dispositive motion was timely filed on June 24, 2016.  (Document No. 18).  To date, Defendant has failed to file a reply brief, or notice of intent not to reply, and the time to do so has lapsed.  See Local Rule 7.1 (E).

On July 12, 2016, the undersigned granted Defendant's "Motion To Stay… (Document No. 17), pending resolution of the Defendant's dispositive motion.  (Document No. 19).  The "Motion For Judgment On The Pleadings" is ripe for disposition and will be decided by the presiding District Judge, the Honorable Robert J. Conrad, Jr., in due course.

Now pending before the Court is the "Motion To Reconsider Plaintiff Restraining Order Against All Named Defendants Filed On Feb[r]uary 1, 2016" (Document No. 20) filed August 4, 2016.

**DISCUSSION**

It is difficult to discern what relief Plaintiff seeks by the instant motion. (Document No. 20). The docket does not reflect that a "Restraining Order" has been requested or entered in this matter. It seems most likely that Plaintiff is either requesting leave to amend his Third Amended Complaint, and/or is requesting that the Court reconsider the "Order" (Document No. 9) denying the appointment of counsel and dismissing all but one (1) of the original Defendants. The only document filed on February 1, 2016, was Plaintiff's original Complaint (Document No. 1), which has since been amended multiple times and is moot.

Plaintiff's motion includes allegations related to a June 29, 2016 encounter with unidentified person(s) who may have previously been named as Defendant(s) in this action. (Document No. 20). The undersigned finds that the Court's prior "Order" (Document No. 9) was very clear that "the Court will not entertain any claims related to pending state criminal charges and that any claims against defendants arising out of different transactions or occurrences would be dismissed. (Document No. 9) (citing Document No. 5). It seems, at minimum, that Plaintiff's pending motion seeks to raise new claims that arise out of different transactions or occurrences than those in his prior Complaint(s). (Document No. 20). The new allegations do not allege involvement of Defendant R. Reese, the only remaining Defendant in this case. Id.

Based on the record and the current procedural posture of the case, including the Court's warning cited above, the undersigned finds that the instant motion should be denied.

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that the "Motion To Reconsider Plaintiff Restraining Order Against All Named Defendants Filed On Feb[r]uary 1, 2016" (Document No. 20) is **DENIED**.

The Clerk of Court is directed to send a copy of this Order to the *pro se* Plaintiff by certified U.S. mail, return receipt requested; and shall update Plaintiff's contact information as provided in the instant motion.

**SO ORDERED**.

Signed: August 9, 2016

David C. Keesler
United States Magistrate Judge